792 F.2d 52
 Roy HARRIS
v.
Robert L. MARTIN, Supt., Allenwood F.P.C. (D.C. Civil No. 84-0823).
Roy HARRIS
v.
UNITED STATES PAROLE COMMISSION (D.C. Civil No. 84-0840).
Appeal of Roy HARRIS.
 No. 85-5489.
 United States Court of Appeals,
Third Circuit.
 Submitted Under Third Circuit
 Rule 12(6) Feb. 21, 1986.
Decided June 4, 1986.
 
 Cheryl J. Sturm, Philadelphia, Pa., for appellant.
 James J. West, U.S. Atty., Barbara L. Kosik, Asst. U.S. Atty., Scranton, Pa., for appellee.
 Before WEIS and SLOVITER, Circuit Judges, and ZIEGLER, District Judge.*
 OPINION OF THE COURT
 SLOVITER, Circuit Judge.
 
 I.
 
 1
 This is an appeal by a federal prisoner from an order of the district court denying his motion to require the United States Parole Commission to release him from federal custody.
 
 
 2
 Appellant Roy Harris was convicted on August 2, 1981 of conspiracy to distribute heroin in violation of 21 U.S.C. Sec. 846, possession with intent to distribute heroin in violation of 21 U.S.C. Sec. 841(a)(1), and conspiracy to violate the Racketeer Influenced and Corrupt Organizations Act by aiding and abetting the investment of heroin proceeds into a commercial real estate venture in violation of 18 U.S.C. Sec. 1962(d). Harris was sentenced to 12 years imprisonment and 10 years special parole to be served thereafter.
 
 
 3
 On June 11, 1984, Harris was provided an Initial Parole Hearing by a Hearing Examiner panel which recommended that Harris be "continued to expiration". The Regional Commissioner agreed, and stated that Harris would have to serve "a range of 100+ months" before release. This recommendation was ultimately affirmed by the National Appeals Board.
 
 
 4
 Shortly after the Initial Parole Hearing, Harris sought writs of habeas corpus and mandamus, arguing that the Parole Commission should have applied the Parole Commission guidelines in existence at the time the defendant committed the crimes rather than those in existence at the time of the parole hearing. The district court, relying on the holding in United States ex rel. Forman v. McCall, No. 81-0553 (Sept. 14, 1984), that the Parole Commission guidelines were laws for purposes of ex post facto analysis, directed the Parole Commission to provide Harris with a new hearing and to apply the guidelines that existed at the time of the offense.
 
 
 5
 Harris was provided a new Initial Parole Hearing on February 13, 1985, in which the Hearing Examiner panel applied the guidelines existing at the time of the offense. The panel recommended service of 66 months before parole. The Regional Commissioner disagreed, believing that Harris should be continued to expiration of his term. Finally, the National Commissioners voted to release Harris after 76 months of service.[1]
 
 
 6
 Harris then filed a motion with the district court to direct the Parole Commission to comply with the court's earlier order. Harris argued that the Commission had incorrectly applied the guidelines by the use of "double counting" or employing the same criteria twice. The district court, however, upheld the Parole Commission's decision, and Harris now appeals from the district court's order.[2]
 
 II.
 
 7
 Following the new parole hearing ordered by the district court, Harris was assigned a Greatest I severity because his offense behavior "involved a managerial role in a conspiracy to possess with intent to distribute more than 50 grams of pure heroin." App. at 10A. His salient factor or offender characteristic score was 10. The guidelines indicated a range of 40 to 52 months to be served before release for offenders with these characteristics and with good institutional adjustment, which Harris also possessed. The final administrative decision was to retain him in custody for 76 months because his offense "was of unusual magnitude in that it involved more than six times the amount of pure heroin required to establish a Greatest One severity rating." App. at 10A.
 
 
 8
 Harris recognizes that the guidelines expressly permit taking an offender outside the range indicated. Under the regulation applicable at the time the offense was committed, the guidelines
 
 
 9
 indicate the customary range of time to be served before release for various combinations of offense (severity) and offender (parole prognosis) characteristics.... [However,] [w]here the circumstances warrant, decisions outside of the guidelines ... may be rendered.
 
 
 10
 28 C.F.R. Sec. 2.20(b)-(c) (1980).
 
 
 11
 Harris argues, however, that in this case he was taken outside the guidelines because of impermissible double counting. We are thus faced with the issue we left open in Campbell v. United States Parole Commission, 704 F.2d 106, 113 (3d Cir.1983), whether the Commission can properly use the same factor in scoring a prisoner pursuant to the guidelines and as an aggravating factor justifying a decision above the guidelines.
 
 
 12
 It has been suggested that it may be a violation of due process for the Parole Commission to base a decision to hold a prisoner beyond the applicable guidelines for the same reason used to determine the appropriate guidelines in the first instance. See Alessi v. Quinlan, 711 F.2d 497, 500 (2d Cir.1983). We need not consider a rationale based on the Constitution if we can find one based on the statutory scheme.
 
 
 13
 The statute provides that "The Commission may grant or deny release on parole notwithstanding the guidelines ... if it determines there is good cause for so doing...." 18 U.S.C. Sec. 4206(c). The Conference Report explained that section as follows:
 
 
 14
 For the purposes of this section "good cause" means substantial reason and includes only those grounds put forward by the Commission in good faith and which are not arbitrary, irrational, unreasonable, irrelevant or capricious.
 
 
 15
 H.R.Conf.Rep. No. 838, 94th Cong., 2d Sess. 27, reprinted in 1976 U.S.Code Cong. & Ad.News 351, 359. Since the purpose of the guidelines is to set forth the factors that the Commission should consider in setting a presumptive release date, it would be irrational and arbitrary to use those same factors to take a prisoner outside the guidelines. See Briggs v. United States Parole Commission, 736 F.2d 446, 450 (8th Cir.1984). Therefore, we conclude that double counting is inconsistent with the governing statute.
 
 III.
 
 16
 It remains to be determined whether there was impermissible double counting in setting Harris' release date above the guidelines. The district court appeared to hold that it would be impermissible were the decision based solely on the amount of heroin involved, but that because the decision was based, at least in part, on Harris' managerial role in the conspiracy, it was not arbitrary. We hold that either factor could be considered as an aggravating factor justifying a decision above the guidelines.
 
 
 17
 In a case analogous to that here, Alessi v. Quinlan, 711 F.2d 497, 500 (2d Cir.1983), the court held it was not double counting to take the defendant out of the guidelines based on the significant amount of heroin involved and the unusual degree of sophistication required. In Solomon v. Elsea, 676 F.2d 282, 286-87 (7th Cir.1982), the court held it was not arbitrary for the Parole Commission to take the case out of guidelines based in part on the "excessive amount of hashish involved". Similarly, in Baker v. McCall, 543 F.Supp. 498, 500 (S.D.N.Y.1981), aff'd, 697 F.2d 287 (2d Cir.1982), the court held the Commission could take a case out of guidelines based on "unusual sophistication" and duration of conspiracy as well as on the evidence that petitioner was a chief lieutenant) (emphasis in original).
 
 
 18
 It may well be arbitrary to base such a decision on a trifling or minor amount of drugs over that used to set the offense severity coordinate. See Solomon v. Elsea, 676 F.2d at 287. However, Harris concedes that he was convicted of an offense involving 339 grams of heroin. Therefore, since this is six times more than the amount of heroin used to set the offense severity, the difference is patently not trifling or minor. The Commission referred to the amount of drugs as the basis for its decision setting Harris' date above the guidelines. Thus, it did not act irrationally or impermissibly. Accordingly, we will affirm the decision of the district court denying Harris' motion for release.[3]
 
 
 
 *
 Hon. Donald E. Ziegler, United States District Court for the Western District of Pennsylvania, sitting by designation
 
 
 [1]
 While this appeal was pending, this court reversed the Forman decision and held that the Parole Commission guidelines were not laws for purpose of the ex post facto clause, United States ex rel. Forman v. McCall, 776 F.2d 1156 (3d Cir.1985). The Notice of Action of the National Commissioners stated that Harris' case may be reopened if the district court's decision in Forman were overturned, but the parties have not advised us whether the Parole Commission has acted on this matter, and we shall decide the issue presented to us
 
 
 [2]
 The Parole Commission argues that the decision below should be affirmed on the ground that Harris failed to exhaust his administrative remedies by appealing the decision of the National Commissioners to the National Appeals Board as required by 28 C.F.R. Sec. 2.26 (1985). Ordinarily, such exhaustion is required. Here, however, the record does not show that the Parole Commission raised this issue before the district court. The court's opinion of June 20, 1985 does not refer to the issue. In any event, since the issue is essentially one of legal interpretation, this appears to be an appropriate case for application of the exception to the exhaustion requirement noted in our opinions in United States ex rel. Marrero v. Warden, Lewisburg Penitentiary, 483 F.2d 656, 659 (3d Cir.1973), rev'd on other grounds, 417 U.S. 653, 94 S.Ct. 2532, 41 L.Ed.2d 383 (1974), and Bradshaw v. Carlson, 682 F.2d 1050, 1052-53 (3d Cir.1981) (per curiam). But see Arias v. United States Parole Commission, 648 F.2d 196, 199 (3d Cir.1981). Since three levels of the Parole Commission have agreed that Harris' case should be taken out of the guidelines, and the district court decided the legal issue, requiring further agency consideration will not save judicial resources or further administrative autonomy. Furthermore, the time required to return this case once more for administrative consideration may cause the legal issue to become moot
 
 
 [3]
 The district court did not refer to Harris' contention that the Parole Commission did not act in good faith, rejecting such a claim sub silentio. We agree that Harris has not made a showing that the Commission acted in bad faith