**Carmine ROMANO,
Petitioner-Appellant,**

v.

**Benjamin F. BAER, et al.,
Respondents-Appellees.**

**No. 86–1493.**

United States Court of Appeals,
Seventh Circuit.

Argued Sept. 19, 1986.

Decided Nov. 5, 1986.

As Amended Nov. 17, 1986.

Linda Sheffield, Atlanta, Ga., for petitioner-appellant.

Gerald A. Coraz, Asst. U.S. Atty. (John Daniel Tinder, U.S. Atty.), Indianapolis, Ind., for respondents-appellees.

Before BAUER, Chief Judge, WOOD, Circuit Judge, and CAMPBELL, Senior District Judge.[*]

BAUER, Chief Judge.

Appellant filed a § 2241 petition for review of a final determination by the Parole Commission to continue him beyond the term provided by the parole guidelines. The Parole Commission supported its determination by citing five aggravating factors which it found warranted longer incarceration. Appellant argues that the five aggravating factors were integral to his convictions, and therefore the Parole Commission was foreclosed from using those same factors to continue appellant beyond the term provided by the guidelines. The district court found that of the five aggravating factors advanced by the Parole Commission, three were not integral to appellant's convictions and entered summary judgment for the respondents. We believe the proper inquiry is whether the aggravating factors were integral to appellant's placement in the severity category—not whether they were integral to appellant's

convictions. We agree, however, that summary judgment was appropriate. Accordingly, we affirm.

### I.

The facts are not in dispute. The Fulton Fish Market, in New York City, was the site of a massive extortion racket through which merchants paid local union officials for protection from pilfering and theft. Appellant, a ringleader of the racket, is serving a twelve year sentence imposed in February of 1982. He stands convicted of conspiracy to violate the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. § 1962(d); violating RICO, 18 U.S.C. § 1962(c); aiding and abetting violations of the Taft-Hartley Act, 29 U.S.C. § 186(b)(1) and 18 U.S.C. § 2; and misusing union funds, 18 U.S.C. § 1954(1) and (2).

The Parole Commission determines the appropriate term to be served through a two-factor process. First, the underlying offense for which the defendant was convicted is considered, along with any relevant attributes of the crime, to place a defendant in a particular severity category. Next, the defendant is assigned a salient factor score based on individual characteristics which make the defendant a particularly good or bad candidate for parole. Romano received his initial parole hearing in November, 1983 at the United States Penitentiary—Terre Haute. Romano received a salient factor score of 10, the highest score possible, indicating that he was a good candidate for parole. Parole regulations do not provide specific severity categories for RICO violations but instead provide that they should be graded according to the underlying offenses. The defendant was placed in category six, based on the underlying offense of extortion (theft) of over $500,000. The parole guidelines provide that a prisoner with Romano's salient factor score in severity category six, should be released within 40–52 months. Despite

* The Honorable William J. Campbell, Senior District Judge for the Northern District of Illinois is sitting by designation.

this, the panel recommended continuing Romano beyond the range provided, to his mandatory release date, due to factors which it found aggravated the nature of the underlying offense. Romano exhausted his administrative remedies and filed the § 2241 petition now under review.

The Parole Commission continued Romano to expiration based on five aggravating factors:

1. The offense involved "frequent and regular acts of extortion and receipt of illegal labor payments [which] persisted from 1975 through 1980."

2. The total amount extorted exceeded $700,000.

3. The offense involved "a number of highly sophisticated, on-going criminal schemes."

4. The defendant misapplied union welfare and pension trust funds under his control.

5. The defendant abused his position as a senior union officer.

The district court examined the five aggravating factors advanced by the Parole Commission and found that at least three of them furnished a sufficient basis for the determination. The court found that the aggravating factors pertaining to the frequency and regularity of the acts, the sophistication of the crime and the appellant's abuse of his position as a senior union officer were not inherent characteristics of the offenses for which the defendant was convicted. Therefore, the Parole Commission could consider these factors in continuing a prisoner beyond his guidelines. In approving the Parole Commission's action, the district court did not rely on two of the factors advanced (the amount of money extorted and the appellant's misapplication of union funds), since each of these factors may have been considered in determining appellant's severity category.

## II.

Parole is not a right and Congress has delegated sole discretionary authority to grant or deny parole to the United States Parole Commission. *Iuteri v. Nar-*

*doza,* 732 F.2d 32 (2nd Cir.1984); *Stroud v. United States Parole Comm'n,* 668 F.2d 843 (5th Cir.1982); 18 U.S.C. § 4218(d). Judicial review of Parole Commission action is thus extremely narrow and limited to determining whether the Parole Commission acted arbitrarily or capriciously. *Solomon v. Elsea,* 676 F.2d 282, 290 (7th Cir. 1982).

The Parole Commission may deny release irrespective of the guidelines "if it determines there is good cause for so doing...." 18 U.S.C. § 4206(c). Good cause includes consideration of such factors as "whether ... the prisoner was involved in an offense with an unusual degree of sophistication or planning, or has a lengthy prior record, or was part of a large scale conspiracy or continuing criminal enterprise." H.R.CONF.REP. NO. 94–838, 94th Cong., 2d Sess. 27, *reprinted in* 1976 U.S. CODE CONG. & ADMIN.NEWS 335, 351, 359. Thus, the Parole Commission generally may examine the nature of the offense and characteristics specific to its commission which may warrant continuing the prisoner beyond the term provided in the guidelines.

The Parole Board here looked to the frequency and regularity of the acts, the sophistication of the scheme and Romano's abuse of his position to continue Romano beyond the guidelines. The frequency and regularity of offenses is a rational consideration for the Parole Commission. *See Allen v. Hadden,* 738 F.2d 1102, 1105 (10th Cir.1984). An individual who extorts over $500,000 once may be less dangerous to society than one who has flouted the laws continuously over a period spanning years. *Id.* Abuse of position is a similarly appropriate consideration. *Cf. Hayward v. U.S. Parole Comm'n,* 659 F.2d 857, 861 (8th Cir.1981). Additionally, the sophistication of an offense is clearly an appropriate consideration for the Parole Commission in continuing a prisoner beyond his guidelines. See 1976 U.S.CODE CONG. & ADMIN. NEWS 351, 359; *Alessi v. Quinlan,* 711 F.2d 497 (2d Cir.1983); *Hayward* at 861. Although a precise definition of sophistica-

tion remains elusive, we find it important to define the term on a case-by-case basis to avoid approving two aggravating factors which in essence, refer to the same aspect of an offense.[1] At oral argument, counsel for the appellee suggested that sophistication refers to the intricacy of the criminal structure. We find this to be an acceptable definition and applicable to Romano's offenses.

■ The Parole Commission, however, cannot use aggravating factors to continue a prisoner beyond the guidelines when such factors were used initially to place the prisoner in a particular severity category. Such a practice is known as "double-counting" and constitutes an abuse of discretion. *See, e.g., Harris v. Martin,* 792 F.2d 52 (3d. Cir.1986); *Solomon v. Elsea,* 676 F.2d 282 (7th Cir.1982); *But see, Torres-Macias v. United States Parole Comm'n,* 730 F.2d 1214, 1218 (9th Cir.1984). Of the five aggravating factors used by the Parole Board, we share the district court's doubts as to two of the aggravating factors. It seems likely that the amount of money extorted was a factor in placing the appellant in severity category six. Similarly, appellant's misuse of union funds may have been comprehended in the decision to place him in his severity category. However, we need not decide these issues since the remaining aggravating factors would be sufficient to sustain the Parole Commission's action. Appellant attacks the remaining aggravating factors, contending that they represent offense characteristics necessary to his convictions. Since we do not believe this contention relevant to the permissibility of the aggravating factors, we reject appellant's attacks.

Generally, the factors used to place a prisoner in a particular severity category will parallel the elements of the crime committed. But to determine whether double-counting has occurred, the crucial comparison is between the factors used to place a defendant in a severity category and the factors used to continue a prisoner beyond the guidelines—a comparison between the elements of the offense for which a prisoner was convicted and the aggravating factors is simply not relevant to a determination of whether double-counting has occurred. Thus, if the Parole Commission failed to take note of a particular element of the conviction in determining a severity category, it would not abuse its discretion by considering that element as an aggravating factor.

■ The confusion in this case arises from the Parole Commission's practice of grading RICO convictions according to the underlying offense and grading extortion over $500,000 as a theft offense. 28 C.F.R. § 2.20(322(c)(1)), (1101). In this case, appellant was placed in category six based on having committed an extortion in excess of $500,000 without regard to aspects of the offense peculiar to RICO and Hobbs Act violations. Hence, characteristics peculiar to RICO and Hobbs Act convictions were not considered in determining the appropriate guideline. We hold that the use of such characteristics as aggravating factors never constitutes double-counting as long as the factors were not considered in placing the prisoner in the severity category.

■ The Parole Commission considered the frequency and regularity of the offenses, the degree of sophistication and appellant's abuse of his position. Appellant contends only that these are inherent in his convictions, but, as we have noted, this is not the relevant comparison. To proscribe the Parole Commission from considering regularity, frequency and sophistication every time a defendant is convicted under RICO or the Hobbs Act would have the anomalous result of allowing the Parole Commission to examine the relevant nature of the offense when a defendant was convicted of simple theft, while prohibiting the Parole Commission from examining the na-

---

**1.** Frequency and regularity of offenses also may be indicative of the sophistication of a crime. There is a danger, therefore, of using sophistication as a separate factor when it is merely a restatement of one or two other factors. That is not the case here. We do not mean to overstate the importance of this issue; since any one factor may be sufficient to continue a prisoner beyond the guidelines, using one aspect for two aggravating factors will rarely be an abuse of discretion.

ture of the offense merely because a defendant was convicted under RICO or the Hobbs Act. We refuse to dictate such a result.

Finally, appellant attacks the district court order for "substitut[ing] its own reasoning for the reasoning of· the Parole Commission." Appellant contends that the Parole Commission relied on Romano's abuse of his position as a "senior union official" for the final aggravating factor, while the district court upheld the final factor based on appellant's "senior role in the criminal enterprise." This argument is based on a misreading of the district court order. The order, when read in its entirety, upholds the Parole Commission's action based on appellant's role as senior union officer. In any event, the aggravating factors previously discussed would be sufficient in themselves to warrant continuing appellant beyond the guidelines.

Since appellant does not contend that frequency, regularity and sophistication were considered by the Parole Commission in placing him in severity category six, we find no reason to disturb the district court's entry of summary judgment in favor of respondent. The judgment is

AFFIRMED.