Alfred PILOTTO, Appellant,

v.

UNITED STATES PAROLE COMMISSION; The United States Bureau of Prisons; and Warden, Federal Correctional Institution, Sandstone, Minnesota, Appellees.

No. 87–5417.

United States Court of Appeals, Eighth Circuit.

Submitted May 11, 1988.

Decided Sept. 19, 1988.

---

tablished by the guidelines was warranted because "for seven years, [Pilotto] was the principal participant in an unusually extensive and sophisticated criminal enterprise for the purpose of extortion of large sums of money."

The Regional Commission agreed with the recommendation. The National Commissioners adopted the recommendations for the reasons stated by the panel. Pilotto appealed the decision to the National Appeals Board. The Board affirmed. Pilotto then filed the instant writ of habeas corpus with the district court. He claimed in district court and contends here that the Parole Commission:

(1) discriminated against him by designating his case as one of "original jurisdiction,"

(2) abused its discretion by failing to consider his institutional adjustment and health problems,

(3) used inaccurate facts to support its decision to set his parole date above the guidelines, and, in any event, acted arbitrarily in setting the sentence above the guidelines.

For the reasons given by the Magistrate,[1] we find no merit to contentions (1) and (2) and do not believe they deserve discussion. The remaining issue is more serious and will be treated at some length. On appeal, the appellant has restated the issues as follows:

> The district court erred in concluding that the Parole Commission did not act in an arbitrary and irrational manner in continuing appellant six years beyond his guideline range for release to presumptive parole at 120 months, where the stated reason for exceeding the guidelines was a boilerplate description of the offense bringing appellant within the guidelines to begin with, so as not to constitute "good cause" for its decision.

Peter Thompson, Minneapolis, Minn., for appellant.

James Lackner, Minneapolis, Minn., for appellees.

Before HEANEY and McMILLIAN, Circuit Judges, and HILL,* Senior District Judge.

HEANEY, Circuit Judge.

Alfred Pilotto appeals a decision of the district court denying his petition for a writ of habeas corpus. He contends that the court erred in refusing to require the Federal Parole Commission to set a new presumptive parole date which would result in his being released from federal prison after serving 52 months, rather than after 120 months, the release date set by the Commission. In the alternative, Pilotto asks this Court to require the Parole Commission to give him a new hearing. We affirm the district court's denial of habeas corpus.

Pilotto was convicted of conspiring with others to violate the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1962(d). After a lengthy sentencing hearing, he was sentenced to a term of 20 years. His conviction was affirmed in *United States v. Caporale*, 806 F.2d 1487, (11th Cir.1986) *cert. denied,* — U.S. —, 107 S.Ct. 3191, 96 L.Ed.2d 679 (1987).

Pilotto was given an initial parole hearing on December 5, 1984, at a federal prison in Sandstone, Minnesota. The parole guideline range for the offense of conviction was 40 to 52 months. A panel of the Commission, however, recommended incarceration for a longer period than that es-

* The HONORABLE IRVING HILL, United States Senior District Judge for the District of Central California.

1. Report and Recommendation of J. Earl Cudd, Magistrate, Fifth Division, District of Minnesota, June 17, 1987; adopted after review by District Judge James M. Rosenbaum, September 10, 1987.

We initially consider the allegation that the Parole Commission increased Pilotto's sentence on the basis of inaccurate information. At the sentencing hearing, the district court received evidence concerning Pilotto's involvement in organized crime and his direct involvement in at least one gang killing. The evidence adduced at the sentencing hearing as to his involvement in organized crime was essentially the same as that received at trial. Its accuracy had been fully tested at the trial. Therefore, we reject Pilotto's contention that its use by the Parole Commission was improper.

The evidence as to the alleged killings, however, presents a different situation. This evidence was first introduced at the sentencing hearing and its accuracy has not been subjected to the rigorous scrutiny of a full trial. Moreover, its production was not subjected to the stringent evidentiary and constitutional requirements afforded one who faces criminal sanctions. Thus, if the record before us showed that the Parole Commission used this evidence as a basis for departing from its guidelines (essentially doubling the time to be served from 5 to 10 years), we would have no choice but to reverse and remand because the evidence lacked indicia of reliability.[2] This, however, as noted above, is not the case.

Pilotto also claims that the Parole Commission acted arbitrarily in departing from the guidelines and increasing his sentence. He argues that the "boilerplate" description of the offense given by the Parole Commission in support of its decision was no different than that originally offered to support a "non-departure" sentence, and therefore is insufficient to support an upward departure.

While the matter is not entirely clear, we are unable to find that the Commission abused its discretion in the matter. The Commission states that it considered the following factors, all of which were documented at trial, in electing an upward departure:

(1) He played an instrumental role in developing the scheme.

(2) The scheme involved a conspiracy which was organized, unusually extensive, and sophisticated.

(3) His involvement in the conspiracy lasted for over seven years.

(4) The conspiracy was of unusual magnitude in that it generated over $2 million in illegal payoffs.

We agree that factors 2, 3 and 4 were indeed unique and were a proper basis for an upward departure. *See Romano v. Baer*, 805 F.2d 268, 270 (7th Cir.1986), *Harris v. Martin*, 792 F.2d 52, (3d Cir.1986), *Hayward v. United States Parole Commission*, 659 F.2d 857, 861 (1981). They went well beyond the boilerplate properly condemned in *Garcia v. United States Board of Parole*, 409 F.Supp. 1230, 1235 (N.D.Ill.1976). Thus, we find that the Parole Commission did not act arbitrarily.

AFFIRMED.

---

**2.** *See McMillan v. Pennsylvania,* 477 U.S. 79, 86–88, 106 S.Ct. 2411, 2417–18, 91 L.Ed.2d 67, 77 (1986); *U.S. v. Fatico,* 603 F.2d 1053, 1056–57 (2d Cir.1979); *Wixom v. United States,* 585 F.2d 920, 921 (8th Cir.1978).