943 F.2d 54
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Khalid Y. MALIK, Petitioner/Appellant,
v.
Edward J. BRENNAN, Warden, Federal Correctional Institution,
Oxford Wisconsin and United States Parole
Commission, Respondents/Appellees.
 No. 90-2799.
 United States Court of Appeals, Seventh Circuit.
 Submitted Aug. 20, 1991.*
Decided Sept. 4, 1991.
 ORDER
 
 1
 Petitioner Khalid Yousaf Malik, an inmate at the Federal Correctional Institution at Oxford Wisconsin, appeals the denial of his section 2241 habeas corpus action. Malik alleged that the United States Parole Commission ("the Commission") violated his constitutional rights in calculating his parole eligibility date. We affirm the district court's denial of relief.
 
 Facts
 
 2
 Malik was convicted of conspiracy to distribute heroin on September 13, 1985 and sentenced to 20 years in prison to be followed by five years probation. The presentence report states that Malik engaged in the conspiracy to import heroin while serving a 15-year sentence for another heroin-related offense.[1] After Malik's initial parole hearing, on July 27, 1988, the Commission determined that Malik's offense severity level was seven and his salient factor score was six. Under Parole Commission Guidelines ("Parole Guidelines"), an inmate with these characteristics would ordinarily serve 64 to 92 months. The Commission, however, deviated from the guideline range, and set Malik's presumptive parole date at 120 months.
 
 
 3
 The Commission sent Malik a "Notice of Action" informing him of its decision to extend his parole date beyond the Parole Guidelines and of his severity level and salient factor score. Malik appealed the Commission's determination to the Parole Commission's National Appeals Board and raised the same issues that he later raised in his section 2241 petition. The Commission affirmed its previous decision with modified reasons and sent Malik a "Notice of Action of Appeal" further explaining the basis for its earlier decision. Malik then filed a petition for habeas corpus pursuant to 28 U.S.C. § 2241, which the district court denied. See Malik v. Brennan, 743 F.Supp. 639 (W.D.Wis.1990). Malik raise four issues on appeal.
 
 Analysis
 A. Standard of Review
 
 4
 Absent a procedural or legal error, judicial review of Parole Commission action is limited to determining whether the Commission acted arbitrarily or capriciously in calculating an inmate's parole eligibility date. Pulver v. Brennan, 912 F.2d 894, 896 (7th Cir.1990). In evaluating the Commission's decision, "the inquiry is only whether there is a rational basis in the record for the Commission's conclusions...." Solomon v. Elsea, 676 F.2d 282, 290 (7th Cir.1990). Moreover, in making its determination, the Commission is entitled to review a broad range of material, including hearsay and the inmate's entire offense behavior. Kramer v. Jenkins, 803 F.2d 896, 900 (7th Cir.), aff'd on rehearing, 806 F.2d 140 (1986). Of course, the Commission may not base its decision on "fanciful or suppositious" information. Id. at 901. Thus, we confine our review of Malik's claims to a determination of whether some rational evidence exists in the record to support the Commission's action. Id, (citing Superintendant v. Hill, 472 U.S. 445 (1985)).
 
 1. Offense Severity Level
 
 5
 Malik first argues that the Commission had no rational basis for concluding that his offense severity level was seven. Relying on information contained in the presentence report, the Commission determined that Malik's offense behavior involved a conspiracy to import and distribute 3.8 kilograms of heroin of unknown purity, and the equivalent of 381.15 grams of pure heroin. The Commission's regulations provide that "very large scale" operations, which are graded as category seven, must involve at least one kilogram but less than three kilograms of 100% pure heroin or an equivalent amount. 28 C.F.R. § 2.20, Chapter 9, Subchapter A. Note 4 to Chapter 9 states that if weight, but not purity is available, between 2 and 5.99 kilograms of heroin is considered to be very large scale. Applying these directives, the Commission concluded that Malik's offense behavior warranted an offense severity level of seven.
 
 
 6
 Malik contends that the Commission's finding that he possessed 381.15 grams of pure heroin is the only finding as to the amount of drugs involved which is supported by the record, and this amount only warrants a grade of category six. The Commission based their finding that Malik's offense history involved 3.8 kilograms of unknown purity heroin upon several of his co-defendants' statements, which were detailed in the presentence report. Its conclusion that Malik also conspired to import and distribute an additional 381.15 grams of 100% pure heroin is based on the presentence report and the probation officer's letter to the Commission.[2]
 
 
 7
 Malik argues that the Commission cannot rely on the presentence report's references to his co-defendant's testimony because there is no support in the record for such testimony. In support of his contention, Malik asserts that the statements to which the presentence report refers do not exist in the trial transcript. Malik also points out that some of his co-defendants' statements discuss the importation of heroin in 1984, but, according to the indictment, the conspiracy ended in 1983. Therefore, Malik contends that the only amount of heroin that can be documented and relied upon by the Commission is the amount stated in Mishlove's letter (381.15 grams of pure heroin).
 
 
 8
 The Commission's authority to consider information contained in the presentence report is well established. Levesque v. Brennan, 864 F.2d 515, 519 (7th Cir.1988); Kramer, 803 F.2d at 900; Solomon, 676 F.2d at 288. To prevail on his claim, Malik must show that the statements contained in the presentence report are false or unreliable. This Malik has not done. Initially, we note that Malik, who apparently possesses a copy of the trial transcript, has not included it in the record. This failure makes it difficult for us to review Malik's contention that the trial transcripts do not include the testimony referenced in the presentence report. See Fischer v. Krajewski, 873 F.2d 1057, 1061 (7th Cir.1989) ("[i]t is obvious that an appellate court has no alternative but to dismiss an appeal if the absence of the transcript prevents meaningful review").
 
 
 9
 However, even if the trial transcript does not contain the testimony detailed in the presentence report, the Commission was still entitled to rely on it. Solomon, 676 F.2d at 288. The Commission may rely on information in the presentence report even though the accuracy of the information has not been tested in an adversarial setting. Kramer, 803 F.2d at 901; Solomon, 676 F.2d at 288. Malik offers no other evidence to challenge the reliability of the testimony. Nor does he allege that the Commission deprived him of the opportunity to challenge the statements contained in the presentence report. See Phillips v. Brennan, 912 F.2d 189, 192 (7th Cir.1990) (due process requires that the Commission give the inmate sufficient notice of the materials to be used against him and an opportunity to respond to such materials). Furthermore, Malik's contention that the Commission could not rely on the testimony because it involved events that occurred after the conspiracy ended is meritless. "[T]he Commission bases parole decisions on the entire offense behavior, and not just the offenses charged in the indictment." Kramer, 803 F.2d at 900. Thus, "some evidence" exists to support the Commission's conclusion that Malik's offense behavior involved 3.8 Kilograms of heroin, purity unknown. Id. at 901, citing Superintendent v. Hill, 472 U.S. 445 (1985) (Commission's decisions must be supported by "some evidence").
 
 2. Statement of Reasons
 
 10
 Next, Malik asserts that the Commission's statement of reasons for setting his presumptive parole date was insufficient. Specifically, Malik claims that the reasons were insufficient to discern how the Commission arrived at its conclusion that Malik's offense involved between 2 and 5.99 kilograms of heroin. We disagree. In order to satisfy minimum due process requirements the Commission's statement must be sufficient to enable a reviewing court to determine whether the Commission's action was based on an impermissible reason. Heirens v. Mizell, 729 F.2d 449, 465 (7th Cir.1984); Solomon, 676 F.2d at 286.
 
 
 11
 The statements given to Malik meet this standard. The Commission's statements included the offense rating and the amount of heroin involved, as well as a detailed report of the information relied upon to arrive at those factors. Thus, the Commission provided Malik with an adequate statement of reasons for its determination that his offense severity level was seven.
 
 3. Deviation from the Parole Guidelines
 
 12
 Malik also contends that the Commission acted arbitrarily in setting his presumptive parole date outside the Parole Guidelines. He argues that the reasons provided by the Commission for departing are ambiguous and not in accordance with 18 U.S.C. § 4206(c). Section 4206(c) requires that the Commission give the prisoner "written notice stating with particularity the reasons for its determination, including a summary of information relied upon." Further, Malik contends that the Commission's reasons do not accurately reflect his offense.
 
 
 13
 The "Notice of Action" stated the following reason as justification for the Commission's decision to go beyond the Parole Guidelines: "You held a leadership role in a large-scale ongoing sophisticated heroin importation network which operated since mid-1980 and which you continued to operate even while serving an earlier term for importation/distribution of heroin."
 
 
 14
 Malik argues that the Commission's words "large scale," "on going," and "sophisticated" are ambiguous, and, therefore, the Commission's use of such words does not conform to section 4206(c)'s requirements. Even if the words "sophisticated" and "large scale", are considered too vague, see Misasi v. United States Parole Commission, 835 F.2d 754, 757 (10th Cir.1987), the Notice was sufficient because it adequately set out at least three reasons for the Commission's decision. Cf. Augustine v. Brewer, 821 F.2d 365, 371 (7th Cir.1987) (decision to go beyond the Parole Guidelines may be supported by one aggravating factor); Romano v. Baer, 805 F.2d 268, 271 n. 1 (7th Cir.1986).
 
 
 15
 The Commission informed Malik that incarceration beyond the Parole Guidelines was warranted because since mid-1980 he operated a heroin importation scheme, which he continued to operate from within the prison walls, while he was serving a sentence for an earlier heroin conviction. Additionally, the Notice stated that Malik played a leadership role in the offense.
 
 
 16
 The continuous or ongoing nature of the crime is a rational consideration for the Commission. See Romano, 805 F.2d 268 (7th Cir.1986). The prisoner's role in the offense is also an appropriate consideration. See Pilotto v. United States Parole Commission, 857 F.2d 474, 476 (8th Cir.1988). Additionally, the departure was justified by Malik's continued drug-trafficking activities from within the prison where he was incarcerated for an earlier drug offense. Maddox v. United States Parole Commission, 821 F.2d 997, 1001 (5th Cir.1987). Furthermore, Malik's role in the offense and the continuous nature of the offense are well documented in the presentence report, upon which the Commission was entitled to rely. Thus, the Commission did not act arbitrarily or capriciously in setting Malik's release date outside the Parole Guidelines.
 
 4. Double Counting
 
 17
 Malik asserts that the Commission engaged in double counting when it considered the magnitude of the conspiracy both in determining his offense severity level and in supporting its deviation from the Parole Guidelines. Additionally, he contends that the Commission also engaged in double counting by relying on the fact that he was incarcerated during the commission of the conspiracy to determine his salient factor score and also to depart from the Parole Guidelines. It is an abuse of discretion for the Commission to engage in double counting or to rely on the same aggravating factors to both determine Malik's severity category (or salient factor score) and to justify its decision to go beyond the Guidelines. Romano, 805 F.2d at 271.
 
 
 18
 Malik's argument that the Commission relied on the fact that the conspiracy occurred while he was in prison both in determining his salient factor score and in deviating from the Parole Guidelines is without merit. Malik lost a point in his salient factor score because he was confined when he committed the offense. In contrast to the salient factor score, the Commission's decision to go beyond the Parole Guidelines was not simply based on Malik's status as a prisoner. Rather, the Commission determined that a decision above the Parole Guidelines was warranted because Malik, from within the prison walls, committed an offense identical to the crime for which he was already serving a sentence. This is far more egregious than his status as a prisoner alone. Thus, the Commission did not engage in double counting. Because we find that the above aggravating factor was sufficient in itself to justify departure from the Parole Guidelines, and because that factor was not used to rate Malik's offense severity level, we need not address Malik's claim that the Commission used the magnitude of the crime to determine both his severity score and to depart from the Parole Guidelines.[3] Augustine, 821 F.2d at 371; Romano, 805 F.2d at 272 n. 1.
 
 Conclusion
 
 19
 Accordingly, the district court's decision denying the petition for habeas corpus is AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Circuit Rule 34(f). Appellant has filed a statement requesting oral argument. Upon consideration of that statement, the briefs, and the record, the request for oral argument is denied and the appeal is submitted on the briefs and record
 
 
 [1]
 In 1981 Malik was convicted of conspiracy to import heroin, importation of heroin, and possession with intent to distribute heroin
 
 
 [2]
 The district court noted that the presentence report is ambiguous concerning the total amount of heroin involved. In detailing the facts of Malik's offense behavior, the presentence report refers to ounces of cocaine (a total of 150). But, in totaling the amount of drugs involved in the offense, the report states that the government has proof of 150 grams of heroin. To resolve this ambiguity, the Commission phoned Mishlove and asked him to clarify whether the total amount of heroin in the presentence report was meant to refer to ounces or grams. Mishlove wrote a letter to the Commission stating that although Malik was indicted on five counts, only one count involved drugs which the DEA was able to confiscate and test. That count involved the importation of 381.15 grams of pure heroin
 We agree with the district court that it was not unreasonable for the Commission to infer that the presentence report's reference to 150 grams was a clerical error. Although Mishlove's letter does not deal directly with the ambiguity, it does defeat the inference that the total amount of heroin involved was 150 grams.
 
 
 [3]
 In its opinion, the district court noted that Malik might be entitled to relief if the only aggravating factor justifying a departure from the Parole Guidelines was the magnitude of the offense in Malik, 743 F.Supp. at 644-45