101 F.3d 704
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Stanley PRIEST, Petitioner-Appellant,
v.
UNITED STATES PAROLE COMMISSION and John M. Hurley,
Respondents-Appellees.
 No. 95-3962.
 United States Court of Appeals, Seventh Circuit.
 Submitted Nov. 13, 1996.*
Decided Nov. 13, 1996.
 
 Before POSNER, Chief Judge, and CUMMINGS and EVANS, Circuit Judges.
 
 ORDER
 
 1
 Stanley Priest was sentenced to 20 years in federal prison for committing armed robbery. After being paroled twice and having both paroles revoked, Priest was paroled a third time during which a parole violator warrant was issued against him.
 
 
 2
 After the Parole Commission ("Commission") made a probable cause determination, Kenneth Walker, a Commission hearing examiner, conducted a parole revocation hearing attended by Priest. Walker found Priest guilty of the violations contained in the warrant and calculated that Priest's salient factor score was three while his offense severity level was four.[1] Under Parole Commission Guidelines ("Guidelines"), the customary range of incarceration for this intersection of salient factor score and offense severity level is 33-44 months before re-release. Walker recommended that Priest's parole be revoked, that none of the parole time be credited toward the completion of his sentence and that Priest continue to presumptive parole after service of 40 months. The Commission's Regional Administrator, Jack Sicoli, then reviewed the case and agreed with the first two recommendations of Walker, but concluded that Priest should continue to parole after service of 44 months, the maximum for Priest's offense severity level and salient factor score under the Guidelines. Because "the concurrence of two hearing examiners, or of a hearing examiner and the Regional Administrator, is required to obtain a panel recommendation to the Regional Commissioner," the case was sent to a third hearing examiner, Clifford Young. 28 C.F.R. § 2.23(b). Young concluded that Priest was dangerous on parole because his parole already had been revoked once for armed robbery, there was evidence he was injecting heroin, and he was found in possession of two loaded pistols when the violator warrant was executed. Based on these factors, Young deviated from the Guidelines and concluded that Priest should continue without parole to the expiration of his sentence. The case then was referred to a fourth examiner, Richard Wagner, who agreed with Young's recommendation. The Regional Commissioner agreed with the recommendation to revoke Priest's parole with no credit for time spent on parole and to continue Priest to the expiration of his sentence. An appeal to the National Appeals board by Priest was unsuccessful, and he subsequently filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 claiming that the Commission abused its discretion in going beyond the Guidelines range and continuing petitioner to the expiration of his sentence, that the Commission double-counted by using the same criteria in the determination of his severity factor and in continuing Priest to the expiration of his sentence, and third, that the Commission denied Priest due process in not providing him with two hearing officers at his parole revocation hearing. The district court dismissed his petition and he appeals.
 
 
 3
 Congress has delegated sole discretionary authority to grant or deny parole to the United States Parole Commission. Romano v. Baer, 805 F.2d 268, 270 (7th Cir.1986) (citations omitted). Commission actions are subject to appellate review only for an abuse of discretion or arbitrary and capricious action. Augustine v. Brewer, 821 F.2d 365, 368 (7th Cir.1987) (citing Romano, 805 F.2d at 270 (7th Cir.1986); Solomon v. Elsea, 676 F.2d 282, 290 (7th Cir.1982)). Under this standard, we must affirm the decision of the district court.
 
 
 4
 Priest first claims that the district court erred in determining that the Commission did not violate federal law when it deviated from the Guidelines. As we have noted previously, the Guidelines "are merely to guide the Commission." Augustine, 821 F.2d at 371. While the Commission initially must determine a guideline range, it can deviate from the Guidelines in setting a parole date. 28 C.F.R. § 2.20(c). The Commission may deny release on parole "if it determines there is good cause for so doing: Provided, That the prisoner is furnished written notice stating with particularity the reasons for its determination, including a summary of the information relied upon." 18 U.S.C. § 4206(c). The term "good cause" must be construed broadly and "encompasses an inquiry into whether the prisoner's crimes involved particularly aggravating circumstances." Thomas v. Brennan, 961 F.2d 612, 619 (7th Cir.1992) (citing Solomon, 676 F.2d at 287). In continuing the petitioner to the expiration of his sentence, beyond the time provided in the Guidelines, the Commission stated that:
 
 
 5
 After review of all relevant factors and information presented, a decision above the Guidelines appears warranted because you are a more serious risk than indicated by your salient factor score in that you have exhibited a propensity for committing violent crimes or crimes that carry great potential for violence. This is your third revocation on the original sentence. In connection with one of the revocations, you committed a bank robbery. The present revocation not only concerns the presence of multiple loaded firearms, but auto theft and theft.
 
 
 6
 R. 6, Response to Petition for Writ of Habeas Corpus, Exh. 7, p. 2.
 
 
 7
 Here, the Commission reviewed Priest's history and determined that the salient factor score did not fully account for the risks associated with his parole. The Commission articulated its reasons for extending the period beyond the Guidelines and the evidence it relied upon in making its determination, citing the number of revocations on parole and the fact that Priest had committed a second bank robbery while on parole. We agree that the Commission did not act arbitrarily or capriciously.
 
 
 8
 Priest's second claim is closely related to his first and we find that it also is without merit. He argues that the Commission "double-counted" by using the same criteria in calculating his salient factor score and in going outside the Guidelines to continue him to the expiration of his sentence. Such a practice, if it occurred, would constitute an abuse of discretion. Romano, 805 F.2d at 271. We agree with the district court, however, that no double-counting occurred. In order to calculate a salient factor score, the Commission evaluates six factors as they relate to the prisoner. These six factors include the number of prior convictions, the number of prior commitments of more than 30 days, the age at commencement of the current offense, the recent commitment-free period of the prisoner and whether the prisoner is a parole, probation, or confinement violator at the time of the current offense. 28 C.F.R. § 2.20 Guidelines for Decisionmaking. The Commission determined that Priest's salient factor score was three based upon the number of his previous convictions and his age at the time of commitment. Alternatively, the Commission stated that it was going beyond the Guidelines and extending Priest to the expiration of his sentence because he had "exhibited a great propensity for committing violent crimes or crimes that carry great potential for violence." While the Commission used the number of offenses in determining Priest's salient factor score, it properly considered the nature of his previous crimes to go beyond the Guidelines and to continue Priest to the expiration for his sentence. Thomas, 961 F.2d at 619 ("The Commission may weigh the particular nature of an offense as an aggravating factor even if the offense was accounted for in setting the guideline range.") (citing Romano, 805 F.2d at 217; Solomon, 676 F.2d at 287; accord, Maddox v. United States Parole Comm'n, 821 F.2d 997, 1001 (5th Cir.1987)); see also Stroud v. United States Parole Comm'n, 668 F.2d 843, 847 (5th Cir.1982) ("the panel's primary reason for going beyond the Guidelines was the nature of those convictions, establishing a pattern of fraudulent behavior").
 
 
 9
 Priest also asserts that the Commission did not follow its own rules during his parole revocation hearing when it permitted the first hearing to take place in front of only one examiner. Under Commission regulations, "[a]ny hearing may be conducted by a single examiner or by a panel of examiners." 28 C.F.R. § 2.23(a). The petitioner's argument that a hearing may be conducted by one examiner only when "specifically provided for" refers to the Commission regulations with respect to initial hearings provided to new federal prisoners and is inapplicable in the parole revocation setting. 28 C.F.R. § 2.13. Priest also claims that two hearing examiners, Walker and Sicoli, agreed to reparole Priest within the time suggested by the Guidelines, and thus, it was their recommendation that should have been submitted to the Regional Administrator. See 28 C.F.R. § 2.23 CR ("An examiner panel recommendation consists of two concurring examiner votes. In the event of divergent votes, the case shall be referred to another hearing examiner ... for another vote. If concurring votes do not result from such a referral, the case shall be referred to any available hearing examiner until a panel recommendation is obtained."). Walker and Sicoli, however, did not agree on a recommendation. Although agreeing to revoke Priest's parole and not to give him credit for time spent on parole, no concurrence was reached on the number of months until Priest could be reparoled. Thus, the case properly was referred to two more hearing examiners until a concurrence was reached according to Commission regulations.
 
 
 10
 Priest also claims on appeal that he was denied due process because he did not appear before all of the hearing examiners who made recommendations regarding his parole. He failed to raise this argument in front of the district court and thus the argument is waived. Ortiz v. Butler Co., 94 F.3d 1121, 1126 (7th Cir.1996). Even, however, if he had raised it before the district court, we find no merit in his claim. Nothing in the Commission regulations requires that a parolee be given the opportunity to appear in front of all of the hearing examiners. Priest appeared before Kenneth Walker, the first examiner to hear his case, and was given the opportunity to present his case. This satisfies the requirements of due process. Newbury v. Prisoner Review Bd. of the State of Illinois, 791 F.2d 81, 87 (7th Cir.1986) ("The Review Board's procedure for providing the inmate with the opportunity to appear personally before at least one member of the panel of the Review Board to ensure that the Board is considering his records and to present any special considerations demonstrating why he is an appropriate candidate for parole satisfies the requirements of the Due Process Clause"). Last, Priest's claim that the National Appeal Board was deliberately misled as to the number of examiners who reviewed his case must fail. The National Appeal Board affirmed the concurring decision that Priest should be continued to the expiration of his sentence. Whether the concurrence came from the second and third examiners or the third and fourth examiners is irrelevant.
 
 
 11
 AFFIRMED.
 
 
 
 *
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary, and the appeal is submitted on the briefs and record. See Fed.R.App.P. 34(a); Cir.R. 34(f)
 
 
 [1]
 The salient factor score serves as an aid to determine the potential risk of parole violation while the offense severity level grades the offense