**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 16-2645

———————

NATHANIEL COLEMAN,
                                    Appellant

v.

UNITED STATES PAROLE COMMISSION,
ATTORNEY GENERAL UNITED STATES OF AMERICA,
WARDEN FORT DIX FCI

———————————————————————

On Appeal from the United States District Court for the
District of New Jersey
(District Court No.: 1-15-cv-03586)
District Judge:  Honorable Robert B. Kugler

———————————————————————

Submitted under Third Circuit L.A.R. 34.1(a)
on February 9, 2018

Before:  CHAGARES, SCIRICA, and RENDELL, <u>Circuit Judges</u>

(Opinion Filed:  March 13, 2018)

OPINION[*]

**RENDELL**, Circuit Judge:

After Nathaniel Coleman had served thirty years of a life sentence, the Parole Commission denied him parole because it concluded that there was a reasonable probability he would commit future crimes if released. The Commission based its conclusion on Coleman's violent criminal history and his failure to acknowledge the wrongfulness of his criminal actions. Coleman filed a habeas corpus petition in the District of New Jersey. The District Court upheld the Commission's decision and dismissed the petition. Coleman appealed.

We will affirm the District Court's order. A court must uphold a Commission's decision to deny parole to a prisoner unless it lacks a rational basis in the record. *Furnari v. Warden, Allenwood FCI*, 218 F.3d 250, 254 (3d Cir. 2000). Under the Parole Act, parole must be denied when there is a reasonable probability that a prisoner would commit additional crimes if released. 18 U.S.C. § 4206(d). Several factors, including Coleman's disciplinary record, his age, and his poor health, reduced the likelihood that he would commit additional crimes if released. However, given Coleman's criminal history, plus his inability or unwillingness to acknowledge the wrongfulness of his actions, we

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

cannot say that the Commission's decision lacked a rational basis. We therefore affirm the order of the District Court.

## I. Background

Coleman was sentenced to life in prison in August 1987. Coleman's sentence is subject to the Parole Commission and Reorganization Act ("Parole Act"), Pub. L. No. 94-244 § 2, 90 Stat. 219 (1976) (formerly codified as 18 U.S.C. §§ 4201-18).[1] Under the Parole Act, a prisoner serving a life sentence is entitled to parole after he has served thirty years of his sentence, unless the Parole Commission "determines [1] he has seriously or frequently violated institution rules and regulations or [2] that *there is a reasonable probability that he will commit any Federal, State, or local crime."* 18 U.S.C. § 4206(d) (emphasis added).

Coleman received a mandatory thirty-year parole hearing in 2015. Pursuant to 28 C.F.R. § 2.23(a), a panel of three hearing examiners conducted the hearing. Two of the three examiners concluded that there was a reasonable probability Coleman would commit additional crimes if released and therefore recommended the Commission deny parole.[2] A written report accompanied the examiners' recommendation and noted that Coleman's "age, health issues, and his spotless disciplinary record all serve to diminish his risk." (A102). Nonetheless, the examiners found that there was a reasonable

---

[1] The Parole Act was repealed effective November 1, 1987, but it "remains in effect for individuals who committed an offense before that date." *Mitchell v. U.S. Parole Comm'n*, 538 F.3d 948, 950 n.2 (8th Cir. 2008).

[2] Under 28 C.F.R. §§ 2.13, 2.23-2.24, at least two of the three examiners must concur on a recommendation, which is then submitted to the Commission.

probability Coleman would commit additional crimes if released, given his criminal history and his unwillingness to recognize the wrongfulness of his criminal acts.

The Commission accepted the examiners' recommendation and denied parole. The Commission's Notice of Action explained the decision:

> The Commission finds there is a reasonable probability that you will commit a new Federal, State, or local crime based on your criminal history that began in 1958 at age 17, after you were placed on probation in connection with the shooting death of another individual, and includes a prior conviction in 1978 for Aggravated Assault. The current offense involves the killing of a government witness for which you continue to deny responsibility. In addition, at your hearing, you admitted that you were previously a loan shark and pimp, but stated that you were only helping the community. The Commission finds that your violent criminal history and your unwillingness to recognize the wrongfulness of your criminal acts makes you a continued risk to commit additional crimes.

(A104).

Coleman filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 in the District Court for the District of New Jersey. He argued that the Parole Commission had violated his due process rights by arbitrarily denying him parole. In response, the government argued that the Commission's decision to deny parole should be upheld on the merits.[3] The District Court upheld the Commission's decision because it was based on a conclusion that Coleman was reasonably likely to commit future crimes, and that conclusion was supported by the "petitioner's criminal history and his failure to

---

[3] The Government also argued that Coleman's petition should be dismissed for failure to exhaust his administrative remedies. The District Court did not address the exhaustion argument. Because we will uphold the Commission's decision on the merits, we also decline to address the exhaustion argument.

4

take responsibility for his crimes." *Coleman v. U.S. Parole Comm'n*, Civ. No. 15-3586, 2016 WL 1337258, at *4 (D.N.J. Apr. 5, 2016). This timely appeal followed.

## II. Analysis[4]

"[T]he Parole Commission enjoys a great deal of deference as to decisions regarding whether to grant parole to a particular individual[.]"*Wilson v. U. S. Parole Comm'n*, 193 F.3d 195, 199 (3d Cir. 1999). Out inquiry is limited to "whether there is a rational basis in the record for the [Commission's] conclusions[.]" *Furnari*, 218 F.3d at 254 (quoting *Zannino v. Arnold*, 531 F.2d 687, 691 (3d Cir. 1976)). Given Coleman's criminal history and his inability or unwillingness to acknowledge the wrongfulness of his actions, the Commission had a rational basis to conclude that there was a reasonable probability Coleman would commit additional crimes if released.

Coleman argues that the Commission should not have considered his criminal history, which included crimes committed over fifty years ago. However, the Commission was free to rely on Coleman's criminal records. In fact, the Parole Act instructs the Commission to do so. *See* 18 U.S.C. § 4207 ("In making a [parole] determination . . . the Commission shall consider . . . official reports of the prisoner's prior criminal record, including a report or record of earlier probation or parole experiences[.]"). Coleman's criminal record was long in violent. It began in 1958, when he was placed on probation for his role in the shooting death of a young man. It also included a July 1968 arrest for blackmail, assault and battery, pointing a deadly weapon,

---

[4] The District Court had jurisdiction under 28 U.S.C. § 2241. This Court has jurisdiction to review the District Court's final judgment under 28 U.S.C. § 1291.

carrying a deadly weapon, obscene literature, and robbery; a 1978 arrest for attempted murder and aggravated assault; and a 1979 heroin distribution charge. Coleman had also admitted to loan-sharking and pimping. The fact that some of these crimes occurred several decades ago does not render them irrelevant for purposes of a parole determination. Coleman received a mandatory parole hearing under the Parole Act because he had served thirty years of his life sentence. Thus, his criminal history necessarily included crimes committed several decades earlier. Given Coleman's violent criminal history, the Commission had a rational basis to conclude that there was a reasonable probability Coleman would commit more crimes if released.

Nor was the Commission prohibited from considering Coleman's failure to accept responsibility or acknowledge the wrongfulness of his criminal activities. The Commission may consider a number of factors when making a parole decision. *U.S. ex rel. Goldberg v. Warden Allenwood Fed. Prison Camp*, 622 F.2d 60, 63 (3d Cir. 1980) ("[T]he Commission is granted wide discretion to review material that would be helpful in its determination whether to release a prisoner on parole."). *See also* 18 U.S.C. § 4207 (instructing the Commission to consider "such additional relevant information concerning the prisoner . . . as may be reasonably available"). Given his inability or unwillingness to accept the wrongfulness of his previous conduct and his criminal history, the Commission had a rational basis to conclude that there was a reasonable probability Coleman would commit additional crimes if released.

Coleman also argues that, since a district court considered his criminal history when he was sentenced, using that same criminal history to also deny him parole would

6

constitute "double counting." The Third Circuit has indeed prohibited double counting. *See Harris v. Martin*, 792 F.2d 52, 55 (3d Cir. 1986). However, using an individual's criminal history for both sentencing and parole decisions is not the kind of "double counting" prohibited by the Third Circuit and other courts. "Double counting" occurs when the Commission uses the same factor to both (1) determine a prisoner's severity level, which is then used to identify a suggested term of imprisonment under the Parole Commission guidelines, and (2) decide whether to deviate from the suggested term of imprisonment. *See Romano v. Baer,* 805 F.2d 268, 271 (7th Cir. 1986) ("The Parole Commission[] . . . cannot use aggravating factors to continue a prisoner beyond the guidelines when such factors were used initially to place the prisoner in a particular severity category. Such a practice is known as 'double-counting' and constitutes an abuse of discretion.") (citing *Harris,* 792 F.2d 52; *Torres-Macias v. U. S. Parole Comm'n,* 730 F.2d 1214, 1218 (9th Cir. 1984) (describing the "general proposition against double counting" as "the [C]ommission cannot use information to determine offense severity or salient factor score, and then use the same information as a justification for going beyond the guidelines").[5]

---

[5] Moreover, even if the Commission, when deciding whether to grant a prisoner parole, were prohibited from considering factors used to determine a prisoner's severity level, the Commission did not do so. The factors the Commission used to determine Coleman's severity level were different from those used to determine that he should not be granted parole. According to the Commission, "[Coleman's] offense behavior [was] rated as Category Eight severity because [he] conspired to violate the civil rights of a government witness with death resulting." (A37). It never mentioned his criminal history or his failure to accept responsibility or recognize the wrongfulness of his conduct—the factors upon which the Commission's parole decision was based.

Finally, Coleman argues that the Commission erred because the Notice of Action explaining its decision did not mention various "mitigating factors" or provide its reasoning for the decision. *See* 18 U.S.C. § 4206(b) (requiring the Commission to provide a "written notice" of its determination that "state[s] with particularity" its reasons for denying parole). Coleman identifies three mitigating factors, none of which are explicitly mentioned in the Notice of Action: Coleman's disciplinary record, a letter of recommendation from a prison official, and Coleman's health problems. The Commission presumably considered these mitigating factors, since they were highlighted in the report that accompanied the hearing examiners' recommendation. And although the Commission did not explicitly refer to these factors in its Notice of Action, it was not required to do so under the statute or accompanying regulations. The Commission also provided a "formal statement of reasons" for its decision that "reveal[ed] reasoning, and [did] not simply present conclusions[.]" *Marshall v. Lansing*, 839 F.2d 933, 942-43 (3d Cir. 1988). The Notice of Action made it clear that the Commission's decision to deny Coleman parole was based on Coleman's violent criminal history and failure to acknowledge the wrongfulness of his actions, which created a reasonable probability he would commit additional crimes if released.

## III. Conclusion

Accordingly, we will affirm the Order of the District Court.